The following unanimous Opinion of the Court was delivered by Judge Roane.
This is an Ejectment brought by the appellant against the appellees for a tract of land, lying in the County of Caroline. At the trial, the jury found a special verdict. *435 That verdict sets out a Deed of Trust from John Baylor to James Brown, of August 24th, 1790, and also a Deed from Brown to the appellant, who purchased the land at a public sale. The Verdict has also other findings; in relation to the state of accounts between Baylor and Donald and Burton for whom Brown was acting; to the regularity of the proceedings of the trustee previous to the sale, &c. These last findings, however, must be thrown out of our view, under the decision of the Court of Appeals in the cases of Taylor v. King,(1) and Harris v. Harris.(1) Under the influence of those decisions, the appellant, having the legal title, without any objection to the Deed on the score of fraud as at the time of the execution thereof, must prevail in a Court of law, whatever irregularities may have taken place, on the part of the trustee, in relation to the sale in question. This view of the subject narrows the case to the construction of the Deed of August 24th, 1790, and particularly to the question whether that Deed is on it’s face usurious or not.
Before we go into that question, however, a preliminary inquiry is to be disposed of. It is, whether that question is to be considered as an open one, or as concluded by the previous decisions of the Court of Appeals; and we are all of opinion that we are at liberty to go into that question. We are informed that the point was made in the Court of Appeals, and so decided, prior to the constitution of this Court, and that it was only in consequence of that decision that this Court was ordered to be summoned. Had the question been considered as concluded by former decisions, there would not have been a defect of the judges of the Court of Appeals to try the cause.— That decision of the Court of Appeals is, as much as any other, to be respected by us as an authority. But, farther, we ourselves entertain the same opinion. We will endeavour to assign briefly the grounds of it.
The case before us being an Ejectment, (and the fourth Ejectment between the same parties,) no verdict and judgment which may have taken place in the former ao *436 ^ons*can relied on as a bar in this. If, however, any decision has been given, and, particularly, by the Court in the last resort, in a former case, it is to be respected as an ^ is to be so respected, if it even occurred between other parties. If, between even other parties, a Deed substantially similar to that before us has been held to be usurious, or otherwise, this Court would conform to that decision. This consequence grows out of our system of jurisprudence, which is based and bottomed upon decisions and precedents. While this system, thus understood, aifords a check to the arbitrary discretion of the judges, it also sets up a standard by which our Citizens may govern themselves in the formation of their contracts. The solemn decisions of our Courts, therefore, and especially of the Court in the last resort, ought not to be lightly departed from. In the case of recent decisions, however, if they be erroneous, they ought to be corrected. They ought to be corrected, because they are erroneous, and because, being recent, they have, probably, not spread their influence extensively into the transactions of other citizens. As to the decision before us, (to be presently more particularly noticed,) it ought, probably, to be considered recent, and be corrected, if erroneous, even if it were not aflected by other circumstances: hut the Court is of opinion that it's authority is also weakened by other circumstances. The decision relied on to shew that the Deed in question is usurious, is that of October 1809, between the sameparties; and found in 4 H. & M. 221. That decision, in itself, was only rendered by- two Judges against one. It is also confronted by the adverse opinions of two Judges, (out of four,) stated, in the same Report, to have been solemnly given in a former case between the same parties. It is also weakened by the consideration that, in another case, between the same parties, only twelvemonths before, (the same three Judges composing the Court,) a venire de novo had been awarded. That destination of the case can not be reconciled with the idea that the then Court held the deed to be usurious. Had *437 they then so thought, (and, especially, as we are informed that the question of usury was made and argued,) they would, it is fair to infer, on that ground have decided for the defendant, instead of sustaining the cause, in order to a more perfect verdict. This decision, then, (of October 20th 1808, see note to 4 H. & M. 229,) may be set off against the other, and will at least weaken it’s authority. But this is not all. The decision of October 1809, is affected by intrinsic circumstances tending to weaken it’s authority. One of the Judges composing the majority on that occasion, expressly founds his opinion upon the facts stated in the Verdict rendered in that case, and would have been of the same opinion had he considered the Deed not usurious. The question of Usury only follows on, in his opinion, as a supplemental one, and was no how necessary to support his opinion. It might, therefore, be even contended, that this part of his opinion was, in some sense, extra-judicial. When, too, he enters into the question of Usury, he mistakes the contract as to a fact which must entirely have governed his opinion. He supposes that, if fifty hogsheads of Tobacco had been shipped, and found competent to pay the debt, a commission of a guinea a hogshead must still have been paid by Baylor for thirty hogsheads more. We are all of opinion that this is a misconception of the terms of the Deed. This mistake, however, must have essentially influenced the opinion in question, and undoubtedly weakens it’s authority.
We are also justified in departing from the decision of October 1809, by the consideration that the Court of Appeals, itself, has departed from it’s decision of October, 1808, as is seen in the decision in the case of Taylor v. King &c., before mentioned.
We do not therefore hold ourselves bound by the decision of Octoher 1809, weakened and affected as it is, as aforesaid, but consider ourselves at liberty to go into the merits of the case, as appearing in the Deed in question.
*438 As to the contract contained in the Deed, we see noth*ng objectionable in it. Donald $■ Burton, having a ready money claim against Baylor, were neither compellable to wa)'^ f°r payment, nor to receive Tobacco. Being, moreover, Commission merchants, trading in that article, they might justly connect, with the contract of payment/ one enuring to their benefit in this last character. This, (as a shipment was intended,) was no how injurious to Baylor:—he must have paid somebody for selling it, and the compensation is found and agreed to be reasonable. As they, under their contract, were compellable to sell the tobacco, it was competent to Baylor to bind himself to ship it, and to agree the damages in case of a non-compliance with this stipulation.
We are of opinion that, in the event which has taken place, of a non-shipment of the tobacco, altbo’ the term “ Commissions” is kept up in the Deed, it becomes, in truth, only the agreed damages or penalty for a noncompliance with the contract.
If the Tobacco had been shipped, as was contracted for, all would have been right, and the compensation now objected to, would have been earned by the sales of the Tobacco.
We are all of opinion, that a penalty inserted in a contract, from which a party may deliver himself, does not make the contract usurious; and that the law is the same where it is in the power of the party, by a compliance with his contract, to convert it into a compensation for services rendered.
We are all also of opinion, that the question whether a contract is usurious or not, is to he decided with reference to the time when it was entered into; that a contract legal at that time, can not be made usurious by subsequent events; and that an usurious agreement is one to pay, originally, a greater premium than the law allows. It would indeed be an anomaly, if, the next day after the execution of this contract, it had been adjudged to be usurious, and had afterwards been rendered otherwise by the compliance of the appellee with his conti’act.
*439 As to the objection that this is a contract between a creditor and a debtor. the case of Palmer v. Baker, 1 Maule & Selwyn, 66, shews that, in a naked case9 and one exhibiting no circumstances of oppression, there is nothing in it. Such is the character of the case before us. There is no ground to object that the contract is usurious, but a post erior one arising from the defaitlt of the appeUce, and of which therefore, most emphatically, he ought not to avail himself.
We are, therefore, unanimously of opinion, that the ~udgrnent should he reversed, arid entered for the appellant.

 Note. See Ante.